UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS A. DOYLE,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.

14-CV-9306 (CM)

11-CR-36-01

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/10/17

---

DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE AND SET ASIDE HIS CONVICTION AND SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255

McMahon, C.J.:

On November 13, 2014, Doyle filed a motion challenging his conviction and sentence, pursuant to 28 U.S.C. § 2255. The motion contained a generic claim of ineffective assistance of counsel and requested additional time to submit a memorandum in support of his claim. (*See* Docket Entry #1). On July 10, 2014, the Court issued an order granting Doyle's request for an extension of time to file his supporting papers: "Movant shall file his memorandum of law and serve a copy of that memorandum on the U.S. Attorney for the Southern District of New York within sixty days of the date of this order." (*See* Docket Entry #3). Thereafter, Doyle asked for and the Court granted additional extensions of time to file his promised memorandum. (*See* Docket Entry ##4, 7, 8).

On March 30, 2016, after having ascertained from the Federal Bureau of Prisons that Mr. Doyle was no longer incarcerated and that he was purportedly living at 229 West 60th Street, Apt. 18J, New York, NY 10023, the Court issued an order allowing Mr. Doyle one last 30 day extension to file his memorandum in support of his motion. The order was docketed on ECF (the court's electronic filing database) and was mailed to the New York address for Doyle.

Copies mailed/faxed/handed to counsel on 3/10/17

It has been nearly a year since the Court issued its last 30 day extension order, and still there has been no response from Doyle. The Court has nothing from Doyle but an unsupported claim in his petition of ineffective assistance of counsel. Doyle's papers do not even hint at what the alleged ineffective assistance claim might be based on. As such, Doyle has failed to demonstrate that his counsel's performance fell below an "objective standard of reasonableness" under "prevailing professional norms," much less that he was prejudiced in any way from a dereliction in his counsel's performance. *See Strickland* v. *Washington*, 466 U.S. 668, 687-88, 693-94 (1984).

The petition is denied.

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. Section 2253(c)(2); *see United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). Further, the Court finds, pursuant to 28 U.S.C. Section 1915(a) (3) that any appeal from an order denying Doyle's motion would not be taken in good faith. *See Feliz v. United States*, 2002 WL 1964347, at *7 (S.D.N.Y. 2002).

This constitutes the decision and order of the court.

March 8, 2017

_____
Chief District Court Judge

By ECF to:                         AUSA Amanda Kay Kramer, U.S. Attorney's Office, SDNY

By ECF and First Class Mail to:    Thomas A. Doyle
                                   229 West 60th Street, Apt. 18J
                                   New York, NY 10023